# EXHIBIT 1

543-08/MEU

# SUBPOENA AND RESTRAINING NOTICE TO GARNISHEE

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-------------------------------------------------------------------x

EITZEN BULK A/S.,

                Petitioner,

        - against -

STATE BANK OF INDIA, BANK OF INDIA, BNP
PARIBAS, and ICICI BANK,

                Respondents

-------------------------------------------------------------------x

Index No. 09116985

**SUBPOENA AND
RESTRAINING NOTICE
PURSUANT TO CPLR §§
5222 and 5224.**

THE PEOPLE OF THE STATE OF NEW YORK TO BANK OF INDIA, 277 PARK
AVENUE, NEW YORK, NY 10172, AS GARNISHEE.

**Whereas,** in an action in the United States District Court for the Southern District of
New York, between **EITZEN BULK A/S** as plaintiffs and **ASHAPURA MINECHEM
LTD et. al.,** a Judgment was entered against **ASHAPURA MINECHEM LTD** on July
24, 2009 in favor of **EITZEN BULK A/S** as judgment creditor and against **ASHAPURA
MINECHEM LTD** as judgment debtor in the amount of $36,606,769.74 plus costs of
$250 and interest at a rate of 5% of which $36,606,769.74 together with costs of $250.00
and interest thereon at a rate of 5% from July 24, 2009 remains due and unpaid; and

**Whereas** the Judgment of the United States District Court for the Southern District of
New York was filed with the County Clerk for New York County on November 17, 2009
and is subject to enforcement under CPLR 5018 as a Judgment of the Supreme Court of
the State of New York, County of New York;

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath,
separately and fully, each question in the questionnaire accompanying this subpoena,
each answer referring to the question to which it responds; and that you return the
answers together with the original questions within 7 days after your receipt of the

NYDOCS1/342333.1

543-08/MEU

questions and this subpoena to the Law Offices of Freehill, Hogan & Mahar LLP, 80 Pine Street, New York, New York 10005.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable by contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

## RESTRAINING NOTICE

**WHEREAS**, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest.

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby **FORBIDDEN** to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers **ALL PROPERTY** in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

**TAKE FURTHER NOTICE** that this restraint includes **ALL PROPERTY, WHEREVER LOCATED** in which the judgment debtor has an interest which is in your possession, control and/or custody.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or

NYDOCS1/342333.1

543-08/MEU

obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## SUBPOENA

## YOU ARE COMMANDED TO PRODUCE THE FOLLOWING INFORMATION AND DOCUMENTS.

The Respondent Garnishee Banks are commanded to produce the following information. That property of Judgment Debtor ASHAPURA MINECHEM LTD or property in which it has an interest is not located within the State of New York is of no moment to the information sought. Thus the Respondent Garnishee Bank must include in their answers to the subpoena all property interests located outside the State of New York which, all property interests located anywhere in the world, and all property interests for which a precise situs is not known or established, in response to the following:

1.  A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINCHEM LTD has an interest, wherever found, the location of those banks accounts, the amount in said accounts, the interest rate on such account.

2.  A list of all debts or credits due, owing, or which will become due or owing Judgment Debtor ASHAPURA MINCHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD. The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock certificates, partnership interests,

NYDOCS1/342333.1

543-08/MEU

corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINCHEM LTD has an interest.

3. A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINCHEM has an interest, wherever found, including, but is in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EITZEN BULK A/S

By: _____

Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

NYDOCS1/342333.1

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EITZEN BULK A/S,                                                              :
                                                                             :
                                           Petitioner,                       :    Index No.: 09-116985
                                                                             :
                    - against -                                              :
                                                                             :    **RESPONSE AND**
                                                                             :    **OBJECTION TO**
STATE BANK OF INDIA, BANK OF INDIA, BNP                                      :    **SUBPOENA**
PARIBAS, and ICICI BANK,                                                      :
                                                                             :
                                           Respondents                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### RESPONSE OF BANK OF INDIA TO SUBPOENA

BANK OF INDIA hereby responds and objects to the Subpoena to Produce,

Documents, Information or Objects dated received December 4, 2009 (the "Subpoena").

### GENERAL OBJECTIONS

Each of the General Objections set forth herein applies to and is incorporated into

each of the specific responses to the Requests for Production set forth below and has the

same force and effect as if fully set forth therein, whether or not expressly incorporated by

reference in such specific responses.  BANK OF INDIA may specifically refer to certain of

the General Objections in responding to certain requests without waiving any of these

General Objections to the extent they apply to each of the requests.

1.       BANK OF INDIA objects to each request to the extent that it is overly

broad.

2.       BANK OF INDIA objects to each request to the extent that it is unduly

burdensome.

3.       The failure of BANK OF INDIA to object to any specific request on a

particular ground shall not be construed as a waiver of its rights to object on any additional

grounds.  BANK OF INDIA reserves the right to amend and/or supplement its objections

and responses at any time consistent with further investigation and discovery.

## SPECIFIC OBJECTIONS AND RESPONSES

Request No. 4

A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINECHEM LTD has an interest, wherever found, the location of those bank accounts, the amount in said accounts, the interest rate on such account.

Response to Request No. 4

BANK OF INDIA reiterates its general objections and objects to Request No. 4 to

the extent that it is overly broad and unduly burdensome.  BANK OF INDIA further objects

to Request No. 4 on the grounds that ASHAPURA MINECHEM LTD has no account with

the BANK OF INDIA, New York Branch and that the requested documents are not within

the custody or control of BANK OF INDIA, New York branch.

Request No. 5

A list of all debts or credits due, owing, or which will become due or owing Judgment Debtor ASHAPURA MINECHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD.  The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock certificates, partnership interests, corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest.

Response to Request No. 5

BANK OF INDIA reiterates its general objections and objects to Request No. 5 to

the extent that it is overly broad and unduly burdensome.  BANK OF INDIA further objects

to Request No. 5 on the grounds that BANK OF INDIA, New York Branch does not have

custody or control of the documents sought by this request and therefore, cannot ascertain

information relevant to debts or credits due, owing, or which will become due or owing

Judgment Debtor ASHAPURA MINECHEM LTD.

Request No. 6

A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest, wherever found, including, but is in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest.

Response to Request No. 6

BANK OF INDIA reiterates its general objections and objects to Request No. 6 to the extent that it is overly broad and unduly burdensome.  BANK OF INDIA further objects to Request No. 6 on the grounds that BANK OF INDIA New York Branch does not have custody or control of the documents sought by this request and therefore, cannot ascertain information relevant to the real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest.

Dated: New York, New York
       December 23, 2009


                              WORMSER, KIELY, GALEF & JACOBS LLP
                              Attorneys for Respondent
                              BANK OF INDIA


              By:             _____
                              Appen Menon
                              825 Third Avenue, 26th Floor
                              New York, New York 10022
                              Phone: (212) 687-4900
                              Fax:    (212) 687-5703

EXHIBIT 3

543-08/MEU

---

# SUPPLEMENTAL SUBPOENA TO GARNISHEE

---

UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EITZEN BULK A/S.,

                              Petitioner,                          **08 cv 8319 (AKH)**

            - against-                                             **SUPPLEMENTAL
                                                                   SUBPOENA PURSUANT
                                                                   TO CPLR §§ 5222 and
STATE BANK OF INDIA, BANK OF INDIA, BNP                            5224.**
PARIBAS, and ICICI BANK,

                              Respondents

------------------------------------------------------------------x

TO BANK OF INDIA, 277 PARK AVENUE, NEW YORK, NY 10172, AS GARNISHEE.

**Whereas**, in an action in the United States District Court for the Southern District of New York, between **EITZEN BULK A/S** as plaintiffs and **ASHAPURA MINECHEM LTD et. al.**, a Judgment was entered against **ASHAPURA MINECHEM LTD** on July 24, 2009 in favor of **EITZEN BULK A/S** as judgment creditor and against **ASHAPURA MINECHEM LTD** as judgment debtor in the amount of $36,606,769.74 plus costs of $250 and interest at a rate of 5% of which $36,606,769.74 together with costs of $250.00 and interest thereon at a rate of 5% from July 24, 2009 remains due and unpaid; and

**Whereas** the Judgment of the United States District Court for the Southern District of New York was filed with the County Clerk for New York County on November 17, 2009 and is subject to enforcement under CPLR 5018 as a Judgment of the Supreme Court of the State of New York, County of New York;

**NOW, THEREFORE WE COMMAND YOU**, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this supplemental subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days after your receipt of the questions and this subpoena to the Law Offices of Freehill, Hogan & Mahar LLP, 80 Pine Street, New York, New York 10005.

351685.1

543-08/MEU

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable by contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

## RESTRAINING NOTICE

**WHEREAS**, Respondent BANK OF INDIA was served with a Subpoena and Restraining Notice on December 4, 2009, such Restraining Notice remains in effect, a copy of which is attached hereto.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

## SUPPLEMENTAL SUBPOENA

**YOU ARE COMMANDED TO PRODUCE THE FOLLOWING INFORMATION AND DOCUMENTS.**

The Respondent BANK OF INDIA is commanded to produce the following information. That property of Judgment Debtor ASHAPURA MINECHEM LTD or property in which it has an interest is not located within the State of New York is of no moment to the information sought. Thus the Respondent Garnishee Bank must include in their answers to the subpoena all property interests located outside the State of New York which, all property interests located anywhere in the world, and all property interests for which a precise situs is not known or established, in response to the following:

1. A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINECHEM LTD has an interest, wherever found, the location of those banks accounts, including those bank accounts which are held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, the balance in said accounts, the interest rate on such accounts, and the transaction history of such accounts from Jan 1, 2008 to present. For any bank account on which the current balance is zero, the account balance has been zero, and/or there has been no account activity of any kind since Jan 1, 2008, provide the date the account was opened and the last date on which account activity was recorded and the type of activity and parties involved.

2. A list of all debts or credits due, owing, or which will become due or owing to Judgment Debtor ASHAPURA MINECHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD. The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock

351685.1

543-08/MEU

certificates, partnership interests, corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest held by BANK OF INDIA or institutions owned or controlled by BANK OF INDIA .

3.  A list of all debts or credits which Judgment Debtor ASHAPURA MINECHEM LTD owed or was owed from Jan 1, 2008 to the present and which BANK OF INDIA or any subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, was involved, handled, was aware of, or has any record of.

4.  A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINECHEM LTD. has an interest, wherever found, including, but in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest, including property located or held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, and any such property interest which was held by BANK OF INDIA or its subsidiaries from Jan 1, 2008 to present.

5.  A list of all transactions, of whatsoever type or form, in which BANK OF INDIA, or any of its subsidiaries was or is involved in which property of Judgment Debtor ASHAPURA MINECHEM LTD. was moved, transferred, transacted or ASHAPURA MINECHEM LTD. was otherwise involved and which occurred from Jan 1, 2008 to present.

6.  A copy of all document referencing, describing, initiating, or instructing any transaction, transfer of funds, or wire transfer, including Electronic Funds Transfers, which name Judgment Debtor ASHAPURA MINECHEM LTD. or any of its vessels including "ASHA PRESTIGE," "ASHA ASHIK," "ASHA HIMANI," "ASHA MANAN," from Jan 1, 2008 to present.

7.  A copy of all communications, of any type, to, from, about, or related to Judgment Debtor ASHAPURA MINECHEM LTD., including letters, e-mails, faxes, or any other form of communication made to, received from, about, referencing or concerning ASHAPURA MINECHEM LTD. and/or its property, debts, credits, investments, transactions, vessels or any other relationship or activities from Jan 1, 2008 to the present.

I HEREBY CERTIFY THAT THIS  SUPPLEMENTAL INFORMATION  SUBPOENA, TOGETHER WITH THE INFORMATION SUBPOENA ATTACHED HERETO, COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT  I  HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA  HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR  THAT  WILL  ASSIST THE CREDITOR  IN COLLECTING THE JUDGMENT.

351685.1

543-08/MEU

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EITZEN BULK A/S

By: _____
Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

351685.1

# EXHIBIT 4

# SECOND SUPPLEMENTAL SUBPOENA TO GARNISHEE

UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EITZEN BULK A/S.,

                   Petitioner,

        - against -

STATE BANK OF INDIA, BANK OF INDIA, BNP
PARIBAS, and ICICI BANK,

                 Respondents

------------------------------------------------------------------x

**08 cv 8319 (AKH)**

**SECOND SUPPLEMENTAL
SUBPOENA PURSUANT TO
CPLR §§ 5222 and 5224.**

TO BANK OF INDIA, 277 PARK AVENUE, NEW YORK, NY 10172, AS GARNISHEE.

**Whereas**, in an action in the United States District Court for the Southern District of New York, between **EITZEN BULK A/S** as plaintiffs and **ASHAPURA MINECHEM LTD et. al.,** a Judgment was entered against **ASHAPURA MINECHEM LTD** on July 24, 2009 in favor of **EITZEN BULK A/S** as judgment creditor and against **ASHAPURA MINECHEM LTD** as judgment debtor in the amount of $36,606,769.74 plus costs of $250 and interest at a rate of 5% of which $36,606,769.74 together with costs of $250.00 and interest thereon at a rate of 5% from July 24, 2009 remains due and unpaid; and

**Whereas** the Judgment of the United States District Court for the Southern District of New York was filed with the County Clerk for New York County on November 17, 2009 and is subject to enforcement under CPLR 5018 as a Judgment of the Supreme Court of the State of New York, County of New York;

**NOW, THEREFORE WE COMMAND YOU**, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this supplemental subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days after your receipt of the questions and this subpoena to the Law Offices of Freehill, Hogan & Mahar LLP, 80 Pine Street, New York, New York 10005.

355107.1

543-08/MEU

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable by contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

### RESTRAINING NOTICE

**WHEREAS,** Respondent BANK OF INDIA was served with a Subpoena and Restraining Notice on December 4, 2009, such Restraining Notice remains in effect, a copy of which is attached hereto.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

### SECOND SUPPLEMENTAL SUBPOENA

### YOU ARE COMMANDED TO PRODUCE THE FOLLOWING INFORMATION AND DOCUMENTS.

**PLEASE TAKE NOTE:** ASHAPURA MINECHEM LTD is the 100% owner of the following Ashapura Group Companies:

| | |
|---|---|
| BOMBAY MINERALS LTD. | ASHAPURA CONSULTANCY SERVICE PVT. LTD. |
| PRASHANSHA CERAMICS LTD. | PENISULA PROPERTY DEVELOPERS PVT. LTD. |
| ASHAPURA HOLDINGS (UAE) FZE | ASHAPURA LOGISTICS & INFRASTRUCTURE PVT. LTD. |
| ASHAPURA MARITMA FZE | SHARDA CONSULTANCY PVT. LTD. |
| ASHA PRESTIGE CO. | ASHAPURA INTERNATIONAL LTD. |
| ASHAPURA ALUMINIUM LTD. | ASHAPURA MINECHEM (UAE) FZE |

Therefore, the term "ASHAPURA MINECHEM LTD" as used in this **Subpoena and the attached Restraining Notice** includes all of these named entities which are wholly owned subsidiaries, trade names, and/or departments within "ASHAPURA MINECHEM LTD." All assets of these companies are therefore assets of ASHAPURA MINECHEM LTD and any property of these entities is property solely of ASHAPURA MINECHEM LTD. Therefore, in answering this Subpoena, and in determining whether you presently hold or have held property of ASHAPURA MINECHEM LTD. any property which is held in the name of ASHAPURA INTERNATIONAL LTD, BOMBAY MINERALS LTD., PRASHANSHA CERAMICS LTD., PENISULA PROPERTY DEVELOPERS PVT. LTD., SHARDA CONSULTANCY PVT. LTD., ASHAPURA CONSULTANCY SERVICE PVT. LTD., ASHAPURA MINECHEM (UAE) FZE, ASHAPURA HOLDINGS (UAE) FZE, ASHAPURA MARITMA FZE, ASHA PRESTIGE CO., ASHAPURA ALUMINIUM LTD., ASHAPURA LOGISTICS &

355107.1                                2

543-08/MEU

INFRASTRUCTURE PVT. LTD. is subject to this **Subpoena and to the attached Restraining Notice.**

The Respondent BANK OF INDIA is commanded to produce the following information. That property of Judgment Debtor ASHAPURA MINECHEM LTD or property in which it has an interest is not located within the State of New York is of no moment to the information sought. Thus the Respondent Garnishee Bank must include in their answers to the subpoena all property interests located outside the State of New York which, all property interests located anywhere in the world, and all property interests for which a precise situs is not known or established, in response to the following:

1. A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINCHEM LTD has an interest, wherever found, the location of those banks accounts, including those bank accounts which are held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, the balance in said accounts, the interest rate on such accounts, and the transaction history of such accounts from Jan 1, 2008 to present. For any bank account on which the current balance is zero, the account balance has been zero, and/or there has been no account activity of any kind since Jan 1, 2008, provide the date the account was opened and the last date on which account activity was recorded and the type of activity and parties involved.

2. A list of all debts or credits due, owing, or which will become due or owing to Judgment Debtor ASHAPURA MINCHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD. The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock certificates, partnership interests, corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINCHEM LTD has an interest held by BANK OF INDIA or institutions owned or controlled by BANK OF INDIA .

3. A list of all debts or credits which Judgment Debtor ASHAPURA MINCHEM LTD owed or was owed from Jan 1, 2008 to the present and which BANK OF INDIA or any subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, was involved, handled, was aware of, or has any record of.

4. A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINCHEM LTD. has an interest, wherever found, including, but in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest, including property located or held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA including all subsidiary

543-08/MEU

banking and financial institutions owned or controlled by BANK OF INDIA, and any such property interest which was held by BANK OF INDIA or its subsidiaries from Jan 1, 2008 to present.

5. A list of all transactions, of whatsoever type or form, in which BANK OF INDIA, or any of its subsidiaries was or is involved in which property of Judgment Debtor ASHAPURA MINCHEM LTD. was moved, transferred, transacted or ASHAPURA MINCHEM LTD. was otherwise involved and which occurred from Jan 1, 2008 to present.

6. A copy of all document referencing, describing, initiating, or instructing any transaction, transfer of funds, or wire transfer, including Electronic Funds Transfers, which name Judgment Debtor ASHAPURA MINECHEM LTD. or any of its vessels including "ASHA PRESTIGE," "ASHA ASHIK," "ASHA HIMANI," "ASHA MANAN," from Jan 1, 2008 to present.

7. A copy of all communications, of any type, to, from, about, or related to Judgment Debtor ASHAPURA MINECHEM LTD., including letters, e-mails, faxes, or any other form of communication made to, received from, about, referencing or concerning ASHAPURA MINECHEM LTD. and/or its property, debts, credits, investments, transactions, vessels or any other relationship or activities from Jan 1, 2008 to the present.

I HEREBY CERTIFY THAT THIS SUPPLEMENTAL INFORMATION SUBPOENA, TOGETHER WITH THE INFORMATION SUBPOENA ATTACHED HERETO, COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> EITZEN BULK A/S
>
> By: _____
> Michael E. Unger
> 80 Pine Street
> New York, NY 10005
> (212) 425-1900
> (212) 425-1901 fax

355107.1                                    4

EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EITZEN BULK A/S,                                              :
                                                             :
                          Petitioner,                        :     Index No.: 09-116985
             - against -                                     :
                                                             :     **RESPONSE TO**
STATE BANK OF INDIA, BANK OF INDIA, BNP                      :     **SUBPOENA**
PARIBAS, and ICICI BANK,                                      :
                                                             :
                          Respondents                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SUPPLEMENTAL RESPONSE OF BANK OF INDIA TO SUBPOENA

BANK OF INDIA hereby supplements its Response to the Subpoena dated

December 17, 2009 as follows:

## SUPPLEMENTAL RESPONSES

Request No. 4

A list of all bank accounts of Judgment Debtor ASHAPURA MINCHEM LTD or in
which ASHAPURA MINCHEM LTD has an interest, wherever found, the location of those
bank accounts, the amount in said accounts, the interest rate on such account.

Response to Request No. 4

ASHAPURA MINECHEM LTD has no account with the BANK OF INDIA, New
York Branch, but it has loan account with Bank of India's Mumbai Overseas Branch.

Request No. 5

A list of all debts or credits due, owing, or which will become due or owing
Judgment Debtor ASHAPURA MINCHEM LTD, wherever found, the location of those
debts or credits, the amount of the debt or credit, the date and time at which such debt or
credit will be payable to ASHAPURA MINCHEM LTD. The foregoing includes, but is in
no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock
certificates, partnership interests, corporate shares, joint venture accounts or assets, and any
other property in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest.

Response to Request No. 5

There is no debt or credit owed by Bank of India to the ASHAPURA MINCHEM
LTD. ASHAPURA MINCHEM LTD is in default under syndicated credit facilities granted

to it in the aggregate amount of Indian Rupees Eight Hundred and Thirty Two Chores. These syndicated credit facilities were secured by the collateral consisting of mortgages and pledges.


Request No. 6

A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest, wherever found, including, but is in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest.

Response to Request No. 6

The credit facilities are secured by the following collateral:

i)   Hypothecation of current assets of ASHAPURA MINECHEM LTD situated at its factories/plants, various mines, warehouses and ports in India.
ii)  Mortgage of ASHAPURA MINECHEM LTD's property situated at Village Hamla,Dist..Kutch, Gujarat State together with its building and other structure plant and machinery, fixtures and fitting erected or installed thereon and also building/ structures, plant & machinery at various mines at Hamla, Sayan, Vandh and Balachood all in District Kutch, Gujarat State. Deposit of Lease Agreement of property situated in Chitra Industrial Area, GIDC, Bhavnagar, Gujarat State.
iii) Pledge of Term Deposits Receipts for Indian Rupees 81 Lakhs.(Under consortium finance) & Indian Rupees 56.79 lakhs (under guarantee limits exclusively with Bank of India).   ASHAPURA MINECHEM LTD has defaulted in its repayment obligations to the Bank.


Dated: New York, New York
       October 18, 2010

                              WORMSER, KIELY, GALEF & JACOBS LLP
                              Attorneys for Respondent
                              BANK OF INDIA


               By:    _____
                              Appen Menon
                              825 Third Avenue, 26th Floor
                              New York, New York 10022
                              Phone: (212) 687-4900
                              Fax:   (212) 687-5703

TO:

FREEHILL HOGAN & MAHAR, LLP
Attorneys for EITZEN BULK A/S
80 Pine Street
New York, New York 10005

# EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EITZEN BULK A/S,

                     Petitioner,

       - against -

STATE BANK OF INDIA, BANK OF INDIA, BNP
PARIBAS, and ICICI BANK,

                    Respondents
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: 09-116985

**RESPONSE TO SECOND
SUPPLEMENTAL
SUBPOENA**

### RESPONSE OF BANK OF INDIA TO
### SECOND SUPPLEMENTAL SUBPOENA

       BANK OF INDIA hereby responds to the Second Supplemental Subpoena dated NIL
of plaintiff as follows:

       Bank of India objects to the Subpoena and the information sought pursuant to the
Subpoena on the ground that defendant has no account with Bank of India, New York
Branch and it does not automatically have access to the requested information.  Bank of
India also objects to the Subpoena on the grounds of lack of personal jurisdiction and subject
matter jurisdiction.  Without prejudice to its rights to raise the objections as aforesaid and on
additional grounds, Bank of India responds to the Second Supplemental Subpoena as
follows:

### RESPONSES

Response to Request No. 1

       ASHAPURA MINECHEM LTD has no account with the BANK OF INDIA, New
York Branch, but it has loan account with Bank of India's Mumbai Overseas Branch. In
addition to the aforesaid, the following affiliates (the "Affiliates") of Ashapura Minechem
Ltd has account with Bank of India's Mumbai Overseas Branch: Ashapura International Ltd,

Ashapura Exports Pvt Ltd, Ashapura Claytech Ltd, Ashapura Aluminium Ltd, Ashapura Infin Pvt Ltd, Sharada Consultancy Ltd and Ashapura consultancy Services Ltd.

Responses to Request No. 2 and No. 3

There is no debt or credit owed by Bank of India to the ASHAPURA MINCHEM LTD or the Affiliates. ASHAPURA MINCHEM LTD is in default under syndicated credit facilities granted to ASHAPURA MINECHEM LTD in the aggregate amount of Indian Rupees Eight Hundred and Thirty Two Chores.  These syndicated credit facilities were secured by the collateral consisting of mortgages and pledges.  Ashapura Claytech Ltd, Ashapura Aluminium Ltd, Ashapura Infin Pvt Ltd, Sharada Consultancy Ltd and Ashapura consultancy Services Ltd maintain current account with Bank of India and each one may have nominal credit balance.

Response to Request No. 4

Ashapura Minechem Ltd. (Consortium account).  The company enjoy total working capital limits of Rs. 800 crores.  Additionally, it been allowed a Demand loan of Rs.32 crores.

Ashapura International Ltd. (Consortium account).  The company enjoy total working capital limit of Rs. 20 crores.

Ashapura Exports Pvt. Ltd. - The company enjoy total working capital limits of Rs. 6 crores.

Response to Request No. 5

The credit facilities are secured by the following collateral:

ASHAPURA MINECHEM LTD

i)      Hypothecation of current assets of ASHAPURA MINECHEM LTD situated at its factories/plants, various mines, warehouses and ports in India.

ii)   Mortgage of ASHAPURA MINECHEM LTD's property situated at Village Hamla, Dist. Kutch, Gujarat State together with its building and other structure plant and machinery, fixtures and fitting erected or installed thereon and also building/structures, plant & machinery at various mines at Hamla, Sayan, Vandh and Balachood all in District Kutch, Gujarat State. Deposit of Lease Agreement of property situated in Chitra Industrial Area, GIDC, Bhavnagar, Gujarat State.

iii)  Pledge of Term Deposits Receipts for Indian Rupees 81 Lakhs (under consortium finance) & Indian Rupees 56.79 lakhs (under guarantee limits exclusively with Bank of India).   ASHAPURA MINECHEM LTD has defaulted in its repayment obligations to the Bank.

ASHAPURA INTERNATIONAL LTD

i)    Hypothecation of current assets of the company situated at the company's factories/plants, mines, godowns and ports in India.

ii)   Mortgage of company's property situated at Village Madhapur, Dist.Kutch, State Gujarat together with the company's building and other structure plant and machinery, fixtures and fitting erected or installed thereon.

iii)  Pledge of Term Deposits Receipts for Rs.18 .77 Lakhs (under consortium finance) & Rs.59.27 (under our guarantee facility exclusively with Bank of India).

ASHAPURA EXPORTS LTD

i)    Hypothecation of current assets of the company situated at the company's factories/plants, mines, godowns and ports in India.

- 3 -

ii)      Pledge of Term Deposit Receipt of Rs.4.93 lakhs and Deposit Receipt of Rs.2.67 lakhs (under Bank of India's guarantee facility).

<u>Response to Request Nos. 6 and 7</u>

Responding to these requests is onerous and unduly burdensome to Bank of India, New York Branch as it does not maintain any account of ASHAPURA MINECHEM LTD or the Affiliates. In addition, the requested documents cannot be easily obtained to Bank of India, New York Branch.

Dated: New York, New York
       December 11, 2010

WORMSER, KIELY, GALEF & JACOBS LLP
Attorneys for Respondent
BANK OF INDIA

By: _____

Appen Menon
825 Third Avenue, 26th Floor
New York, New York 10022
Phone:   (212) 687-4900
Fax:     (212) 687-5703

TO:   FREEHILL HOGAN & MAHAR, LLP
      Attorneys for EITZEN BULK A/S
      80 Pine Street
      New York, New York 10005

# EXHIBIT 7

543-08/MEU

---

# SUBPOENA AND RESTRAINING NOTICE TO GARNISHEE

---

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EITZEN BULK A/S.,

                              Petitioner,

           - against-

STATE BANK OF INDIA, BANK OF INDIA, BNP PARIBAS, and ICICI BANK,

                            Respondents

------------------------------------------------------------------x

09 cv 10118 (AKH)

**SUBPOENA AND RESTRAINING NOTICE PURSUANT TO CPLR §§ 5222 and 5224.**

TO BANK OF INDIA AS GARNISHEE.

**Whereas**, in an action in the United States District Court for the Southern District of New York, between **EITZEN BULK A/S** as plaintiffs and **ASHAPURA MINECHEM LTD et. al.**, a Judgment was entered against **ASHAPURA MINECHEM LTD** on July 24, 2009 in favor of **EITZEN BULK A/S** as judgment creditor and against **ASHAPURA MINECHEM LTD** as judgment debtor in the amount of $36,606,769.74 plus costs of $250 and interest at a rate of 5% of which $36,606,769.74 together with costs of $250.00 and interest thereon at a rate of 5% from July 24, 2009 remains due and unpaid; and

**Whereas** the Judgment of the United States District Court for the Southern District of New York was filed with the County Clerk for New York County on November 17, 2009 and is subject to enforcement under CPLR 5018 as a Judgment of the Supreme Court of the State of New York, County of New York;

**NOW, THEREFORE WE COMMAND YOU**, that you answer in writing **under oath**, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days after your receipt of the questions and this subpoena to the Law Offices of Freehill, Hogan & Mahar LLP, 80 Pine Street, New York, New York 10005.

361279.1

1

543-08/MEU

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable by contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.


## RESTRAINING NOTICE

**WHEREAS**, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest.

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby **FORBIDDEN** to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers **ALL PROPERTY** in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

**TAKE FURTHER NOTICE** that this restraint includes **ALL PROPERTY, WHEREVER LOCATED** in which the judgment debtor has an interest which is in your possession, control and/or custody.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.


## CIVIL PRACTICE LAW AND RULES

5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or

543-08/MEU

obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.


## SUBPOENA

**YOU ARE COMMANDED TO PRODUCE THE FOLLOWING INFORMATION AND DOCUMENTS.**


**PLEASE TAKE NOTE:** ASHAPURA MINECHEM LTD is the 100% owner of the following Ashapura Group Companies:

| | |
|---|---|
| BOMBAY MINERALS LTD. | ASHAPURA CONSULTANCY SERVICE PVT. LTD. |
| PRASHANSHA CERAMICS LTD. | PENISULA PROPERTY DEVELOPERS PVT. LTD. |
| ASHAPURA HOLDINGS (UAE) FZE | ASHAPURA LOGISTICS & INFRASTRUCTURE PVT. LTD. |
| ASHAPURA MARITIME FZE | SHARDA CONSULTANCY PVT. LTD. |
| ASHA PRESTIGE CO. | ASHAPURA INTERNATIONAL LTD. |
| ASHAPURA ALUMINIUM LTD. | ASHAPURA MINECHEM (UAE) FZE |

Therefore, the term "ASHAPURA MINECHEM LTD" as used in this **Subpoena and the attached Restraining Notice** includes all of these named entities which are wholly owned subsidiaries, trade names, and/or departments within "ASHAPURA MINECHEM LTD." All assets of these companies are therefore assets of ASHAPURA MINECHEM

543-08/MEU

LTD and any property of these entities is property solely of ASHAPURA MINECHEM LTD. Therefore, in answering this Subpoena, and in determining whether you presently hold or have held property of ASHAPURA MINECHEM LTD. any property which is held in the name of ASHAPURA INTERNATIONAL LTD, BOMBAY MINERALS LTD., PRASHANSHA CERAMICS LTD., PENISULA PROPERTY DEVELOPERS PVT. LTD., SHARDA CONSULTANCY PVT. LTD., ASHAPURA CONSULTANCY SERVICE PVT. LTD., ASHAPURA MINECHEM (UAE) FZE, ASHAPURA HOLDINGS (UAE) FZE, ASHAPURA MARITIME FZE, ASHA PRESTIGE CO., ASHAPURA ALUMINIUM LTD., ASHAPURA LOGISTICS & INFRASTRUCTURE PVT. LTD. is subject to this **Subpoena and to the attached Restraining Notice.**

The Respondent BANK OF INDIA is commanded to produce the following information and documents.  **Pursuant to CPLR 3122-a, the production of the information, documents, and things shall be accompanied by a certification of business records.** That property of Judgment Debtor ASHAPURA MINECHEM LTD or property in which it has an interest is not located within the State of New York is of no moment to the information sought.   Thus the Respondent Garnishee Bank must include in its answers to the subpoena all property interests located outside the State of New York, all property interests located anywhere in the world, and all property interests for which a precise situs is not known or established, in response to the following:

1. A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINECHEM LTD has an interest, wherever found, the location of those banks accounts, including those bank accounts which are held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, the balance in said accounts, the interest rate on such accounts, and the transaction history of such accounts from  Jan 1, 2008 to present.  For any bank account on which the current balance is zero, the account balance has been zero, and/or there has been no account activity of any kind since Jan 1, 2008, provide the date the account was opened and the last date on which account activity was recorded and the type of activity and parties involved.

2. A list of all debts or credits due, owing, or which will become due or owing to Judgment Debtor ASHAPURA MINECHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD. The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock certificates, partnership interests, corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINECHEM LTD has an interest held by BANK OF INDIA  or institutions owned or controlled by BANK OF INDIA

3. A list of all debts or credits which Judgment Debtor ASHAPURA MINECHEM LTD owed or was owed from Jan 1, 2008 to the present and which BANK OF

543-08/MEU

INDIA or any subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, was involved, handled, was aware of, or has any record of.

4. A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINECHEM LTD. has an interest, wherever found, including, but in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest, including property located or held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, and any such property interest which was held by BANK OF INDIA or its subsidiaries from Jan 1, 2008 to present.

5. A list of all transactions, of whatsoever type or form, in which BANK OF INDIA, or any of its subsidiaries was or is involved in which property of Judgment Debtor ASHAPURA MINECHEM LTD. was moved, transferred, transacted or ASHAPURA MINECHEM LTD. was otherwise involved and which occurred from Jan 1, 2008 to present.

6. A copy of all document referencing, describing, initiating, or instructing any transaction, transfer of funds, or wire transfer, including Electronic Funds Transfers, which name Judgment Debtor ASHAPURA MINECHEM LTD. or any of its vessels including "ASHA PRESTIGE," "ASHA ASHIK," "ASHA HIMANI," "ASHA MANAN," from Jan 1, 2008 to present.

7. A copy of all communications, of any type, to, from, about, or related to Judgment Debtor ASHAPURA MINECHEM LTD., including letters, e-mails, faxes, or any other form of communication made to, received from, about, referencing or concerning ASHAPURA MINECHEM LTD. and/or its property, debts, credits, investments, transactions, vessels or any other relationship or activities from Jan 1, 2008 to the present.

8. Set forth the date that BANK OF INDIA complied with its obligations under CPLR 5222-A(a)(b)(3), a copy of the communication sent to the debtor, and provide a copy of any response received.

I HEREBY CERTIFY THAT THIS INFORMATION  SUBPOENA, TOGETHER WITH THE INFORMATION SUBPOENA ATTACHED HERETO, COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT  I  HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA  HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR  THAT  WILL ASSIST THE  CREDITOR  IN COLLECTING THE JUDGMENT.

543-08/MEU

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EITZEN BULK A/S

By: _____
Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900

361279.1                                    6

# EXHIBIT 8

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA'△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

December 3, 2010

OUR REF: 543-08/MEU

By Mail and E-Mail
Appen Mennon
Wormser, Kiely, Galef & Jacobs LLP
825 Third Avenue, 25th Floor
New York, New York 10022-7519 (New York Co.)
Attn: A. Mennon (amennon@wkgj.com);

Re:    EITZEN BULK A/S v. STATE BANK OF INDIA et al.
       09CV10118 (AKH) - SDNY

Dear Appen:

We represent Eitzen Bulk A/S ("Eitzen") in the above action and write further to the Bank of India's (BOI) response of October 18, 2010 to Eitzen's Subpoena. We continue to await BOI's response to our Second Supplemental Subpoena served on BOI on July 28, 2010, a copy of which is attached hereto as Exhibit A. In BOI's responses to date, the bank has not fully answered the requests made. In its October 18, 2010 response to the Subpoena BOI stated "ASHAPURA MINECHEM LTD has no account with the BOI, New York Branch, but it has a loan account with Bank of India's Mumbai Overseas Branch." This response is incomplete. Eitzen's subpoena requests information in the possession of the bank, which is present and doing business in New York by virtue of its offices here. BOI, in total, is properly subject to Eitzen's requests, thus responses limited to New York, or other branch operations are incomplete and improper.

We now understand, from public statements made by Ashapura Minechem's Managing Director, Chetan Shah, that not only does Ashapura have bank accounts and a significant banking relationship with Bank of India, but specifically that "We [Ashapura] have had accounts with Bank of India for more than 45 years and we have one of the largest accounts with them." See Transcript of Interview attached hereto as Exhibit B. Thus, we

Page 2

repeat out request, set out in the Subpoenas served on the bank since December 3, 2009, that BOI provide us with all bank accounts held in the name of, or for the benefit of Ashapura and its listed related companies at any BOI branch world wide. We also require production of all documentation concerning any loan(s) or loan transactions from BOA to Ashapura, including information regarding loan agreement, pledges, etc., and date and amount of each loan borrower, guarantors (if any), specific information regarding the collateral provided, and any other related information.

You will also note that Request No. 7 in the Second Supplemental Subpoena seeks information and copies of all communications between BOI and Ashapura from 2008 to present. The recent statements of Ashapura's Managing Director, as well as BOI's responses to date, make clear that there is an ongoing and long term business relationship between Ashapura and BOI. Thus, we expect that there are communications between BOI and Ashapura, and we ask that you provide the requested information related to these communications as required.

To date BOI has not provided any adequate and complete responses to the Subpoenas served on BOI. It now appears that significant amount of Ashapura's property may be held by BOI, and that a significant business relationship exists between BOI and Ashapura. BOI is subject to personal jurisdiction in New York. Property of Ashapura, up to the amount stated in the Restraining Notice must, under New York law, be identified and restrained pursuant to the Subpoena and Restraining Notice, even if the property is not located in New York, under New York Law.

Further, enclosed herein please also find a Subpoena and Restraining Notice served on BOI by hand on December 3, 2010. Please note that the Subpoena requires that the responses be provided with a Certification of business records. Additionally, request 8 in the Subpoena requires BOI to provide information related to its sending of the necessary documents, which we provided to BOI, to Ashapura, and provide a copy of any response received from Ashapura.

Thank you for your courtesy. Please contact the undersigned if you have any questions.

Very truly yours,
FREEHILL HOGAN & MAHAR LLP

Michael E. Unger
Eric J. Matheson

2

# EXHIBIT A

# SECOND SUPPLEMENTAL SUBPOENA TO GARNISHEE

UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EITZEN BULK A/S.,

          **08 cv 8319 (AKH)**

        Petitioner,

          **SECOND SUPPLEMENTAL**
     - against-          **SUBPOENA PURSUANT TO**
          **CPLR §§ 5222 and 5224.**

STATE BANK OF INDIA, BANK OF INDIA, BNP
PARIBAS, and ICICI BANK,

        Respondents

------------------------------------------------------------------x

TO BANK OF INDIA, 277 PARK AVENUE, NEW YORK, NY 10172, AS GARNISHEE.

**Whereas,** in an action in the United States District Court for the Southern District of New York,
between **EITZEN BULK A/S** as plaintiffs and **ASHAPURA MINECHEM LTD et. al.,** a
Judgment was entered against **ASHAPURA MINECHEM LTD** on July 24, 2009 in favor of
**EITZEN BULK A/S** as judgment creditor and against **ASHAPURA MINECHEM LTD** as
judgment debtor in the amount of $36,606,769.74 plus costs of $250 and interest at a rate of 5%
of which $36,606,769.74 together with costs of $250.00 and interest thereon at a rate of 5% from
July 24, 2009 remains due and unpaid; and

**Whereas** the Judgment of the United States District Court for the Southern District of New York
was filed with the County Clerk for New York County on November 17, 2009 and is subject to
enforcement under CPLR 5018 as a Judgment of the Supreme Court of the State of New York,
County of New York;

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath,
separately and fully, each question in the questionnaire accompanying this supplemental
subpoena, each answer referring to the question to which it responds; and that you return the
answers together with the original questions within 7 days after your receipt of the questions and
this subpoena to the Law Offices of Freehill, Hogan & Mahar LLP, 80 Pine Street, New York,
New York 10005.

355107.1

543-08/MEU

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable by contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

## RESTRAINING NOTICE

**WHEREAS**, Respondent BANK OF INDIA was served with a Subpoena and Restraining Notice on December 4, 2009, such Restraining Notice remains in effect, a copy of which is attached hereto.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

## SECOND SUPPLEMENTAL SUBPOENA

## YOU ARE COMMANDED TO PRODUCE THE FOLLOWING INFORMATION AND DOCUMENTS.

**PLEASE TAKE NOTE:** ASHAPURA MINECHEM LTD is the 100% owner of the following Ashapura Group Companies:

| | |
|---|---|
| BOMBAY MINERALS LTD. | ASHAPURA CONSULTANCY SERVICE PVT. LTD. |
| PRASHANSHA CERAMICS LTD. | PENISULA PROPERTY DEVELOPERS PVT. LTD. |
| ASHAPURA HOLDINGS (UAE) FZE | ASHAPURA LOGISTICS & INFRASTRUCTURE PVT. LTD. |
| ASHAPURA MARITMA FZE | SHARDA CONSULTANCY PVT. LTD. |
| ASHA PRESTIGE CO. | ASHAPURA INTERNATIONAL LTD. |
| ASHAPURA ALUMINIUM LTD. | ASHAPURA MINECHEM (UAE) FZE |

Therefore, the term "ASHAPURA MINECHEM LTD" as used in this **Subpoena and the attached Restraining Notice** includes all of these named entities which are wholly owned subsidiaries, trade names, and/or departments within "ASHAPURA MINECHEM LTD." All assets of these companies are therefore assets of ASHAPURA MINECHEM LTD and any property of these entities is property solely of ASHAPURA MINECHEM LTD. Therefore, in answering this Subpoena, and in determining whether you presently hold or have held property of ASHAPURA MINECHEM LTD. any property which is held in the name of ASHAPURA INTERNATIONAL LTD, BOMBAY MINERALS LTD., PRASHANSHA CERAMICS LTD., PENISULA PROPERTY DEVELOPERS PVT. LTD., SHARDA CONSULTANCY PVT. LTD., ASHAPURA CONSULTANCY SERVICE PVT. LTD., ASHAPURA MINECHEM (UAE) FZE, ASHAPURA HOLDINGS (UAE) FZE, ASHAPURA MARITMA FZE, ASHA PRESTIGE CO., ASHAPURA ALUMINIUM LTD., ASHAPURA LOGISTICS &

355107.1                                    2

543-08/MEU

INFRASTRUCTURE PVT. LTD. is subject to this **Subpoena and to the attached Restraining Notice.**

The Respondent BANK OF INDIA is commanded to produce the following information. That property of Judgment Debtor ASHAPURA MINECHEM LTD or property in which it has an interest is not located within the State of New York is of no moment to the information sought. Thus the Respondent Garnishee Bank must include in their answers to the subpoena all property interests located outside the State of New York which, all property interests located anywhere in the world, and all property interests for which a precise situs is not known or established, in response to the following:

1. A list of all bank accounts of Judgment Debtor ASHAPURA MINECHEM LTD or in which ASHAPURA MINCHEM LTD has an interest, wherever found, the location of those banks accounts, including those bank accounts which are held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, the balance in said accounts, the interest rate on such accounts, and the transaction history of such accounts from Jan 1, 2008 to present. For any bank account on which the current balance is zero, the account balance has been zero, and/or there has been no account activity of any kind since Jan 1, 2008, provide the date the account was opened and the last date on which account activity was recorded and the type of activity and parties involved.

2. A list of all debts or credits due, owing, or which will become due or owing to Judgment Debtor ASHAPURA MINCHEM LTD, wherever found, the location of those debts or credits, the amount of the debt or credit, the date and time at which such debt or credit will be payable to ASHAPURA MINECHEM LTD. The foregoing includes, but is in no way limited to, all forms of instruments, certificates of deposit, loan, mortgages, stock certificates, partnership interests, corporate shares, joint venture accounts or assets, and any other property in which Judgment Debtor ASHAPURA MINCHEM LTD has an interest held by BANK OF INDIA or institutions owned or controlled by BANK OF INDIA .

3. A list of all debts or credits which Judgment Debtor ASHAPURA MINCHEM LTD owed or was owed from Jan 1, 2008 to the present and which BANK OF INDIA or any subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA, was involved, handled, was aware of, or has any record of.

4. A list of all real, personal, tangible, and intangible property interests in which Judgment Debtor ASHAPURA MINCHEM LTD. has an interest, wherever found, including, but in no way limited to, collateral for any mortgage or debt instrument, whether real or personal, the location of such property, the value of such property interest, and associated interest and title information for such property interest, including property located or held by wholly owned subsidiaries of BANK OF INDIA, including all subsidiary banking and financial institutions owned or controlled by BANK OF INDIA including all subsidiary

543-08/MEU

banking and financial institutions owned or controlled by BANK OF INDIA, and any such property interest which was held by BANK OF INDIA or its subsidiaries from Jan 1, 2008 to present.

5. A list of all transactions, of whatsoever type or form, in which BANK OF INDIA, or any of its subsidiaries was or is involved in which property of Judgment Debtor ASHAPURA MINCHEM LTD. was moved, transferred, transacted or ASHAPURA MINCHEM LTD. was otherwise involved and which occurred from Jan 1, 2008 to present.

6. A copy of all document referencing, describing, initiating, or instructing any transaction, transfer of funds, or wire transfer, including Electronic Funds Transfers, which name Judgment Debtor ASHAPURA MINECHEM LTD. or any of its vessels including "ASHA PRESTIGE," "ASHA ASHIK," "ASHA HIMANI," "ASHA MANAN," from Jan 1, 2008 to present.

7. A copy of all communications, of any type, to, from, about, or related to Judgment Debtor ASHAPURA MINECHEM LTD., including letters, e-mails, faxes, or any other form of communication made to, received from, about, referencing or concerning ASHAPURA MINECHEM LTD. and/or its property, debts, credits, investments, transactions, vessels or any other relationship or activities from Jan 1, 2008 to the present.

I HEREBY CERTIFY THAT THIS SUPPLEMENTAL INFORMATION SUBPOENA, TOGETHER WITH THE INFORMATION SUBPOENA ATTACHED HERETO, COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EITZEN BULK A/S

By: _____

Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

355107.1                                      4

# EXHIBIT B

### Print This Page

### Ashapura Minechem denies taking loan from BoI in 2-yrs

Ashapura Minechem Ltd has been named in the CBI Statement in relation to the realty loan scam. The gentleman who has been mentioned is RN Tayal, General Manager of Bank of India who is believed to have sanctioned the loan to Ashapura Minechem Ltd.

Chetan Shah, the managing director of Ashapura, in an interview with CNBC-TV18 categorically denied taking a loan from BoI or any bank in the last two years, nor has he or any of his officials interacted with Tayal. "We deal with a lot of other officers of Bank of India but I don't remember dealing with Tayal," he claimed.

He also denied any dealings with private finance firm Money Matters Financial Services, accused in the bribery scam, stating that he had never heard of the company. "We have never dealt with Money Matters at any time in the history of the company. We only came to know about Money Matters when the CBI statement came out."

*Below is a verbatim transcript of his interview with CNBC-TV18's Latha Venkatesh and Ekta Batra. Also watch the accompanying video for more.*

**Q: Could you take us through what exactly is the size of the loan that you took from BoI and what did you have to pay Money Matters?**

A: Let me clarify that we have not taken any loan from Bank of India or any bank in the last two years. I don't know RN Tayal at all. I have never had any dealing with him. We deal with a lot of other officers of Bank of India but I don't remember dealing with Tayal.

**Q: Maybe some of your officials dealt with him?**

A: Not really. We have had accounts with Bank of India for more than 45 years and we have one of the largest accounts with them. So we have not taken loan from any bank. On the contrary, there was some problem with the export of bauxite and we had requested BoI and few other banks to restructure some of the old loans to take new loans.

**Q: But in the process of restructuring did you have to go through this with Money Matters, because your company's name is mentioned in the CBI statement? What would be the context then?**

A: We don't know Money Matters. We have never dealt with Money Matters at any time in the history of the company. We only came to know about Money Matters only yesterday. So we don't know this company at all.

Secondly, we are very much surprised as to how Ashapura's name has come into this because CBI has given us one letter and asked us for an explanation as to whether we have taken any loans from Bank of India or any other banks in the last two years. They have only asked for the year 2009-10. Even from 2008 onwards we have not taken any loan from any banks. We never use any agents or any such loan syndication agencies for our fund requirements.

**Q: What would your fund requirements be going forward and do you think this would create a bit of a hindrance for you now to access the debt market?**

A: We had already asked banks to help us with restructuring because there was a delay in getting the clearance of export of bauxite from Gujarat. Currently, we do not have any long-term plans for large investments. We are just dealing with our working capital, that is day to day finance with banks and besides BoI, we work with Union Bank, Axis Bank and Exim Bank.

**Q: What was the nature of restructuring for the loan?**

A: Mainly it is derivative losses to be restructured. Other than that we haven't had any kind of long-term borrowing with any banks in the last few years.

**Q: What was the nature of the derivative losses? How much was it, was it a derivative converted into**

a loan thereafter?

A: Not a large amount per se. We have requested banks to look into these matters and still it is at the negotiation and discussion stage.

Q: Could you give us an idea of the amount involved?

A: I cannot tell you the amount offhand but it will be running into a couple of crore.

Q: Could it be a Rs 2 crore loan?

A: It could be more than that.

Q: Would you have a ballpark idea?

A: The loan restructuring could be in the range of about Rs 15-20 crore.

Q: All of this was derivative transaction?

A: Only derivative transactions.

Q: And you are saying it has not yet gotten restructuring?

A: Not yet.

EXHIBIT 9

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA†△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*○†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT†
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
○ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813
_____

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377
_____

February 1, 2011

OUR REF: 543-08/MEU

<u>By Mail and E-Mail</u>
Appen Mennon
Wormser, Kiely, Galef & Jacobs LLP
825 Third Avenue, 25th Floor
New York, New York 10022-7519 (New York Co.)
Attn: A. Mennon (amenon@wkgj.com);

      Re:    EITZEN BULK A/S v. STATE BANK OF INDIA et al.
             09CV10118 (AKH) - SDNY

Dear Appen,

      We represent Eitzen Bulk A/S ("Eitzen") in the above action and write further to our letter of December 3, 2010, attached hereto as Exhibit A.  Bank of India (BOI) has not responded to the Subpoena served on the bank on December 3, 2010, a copy of which is attached hereto as Exhibit B.  Further, we continue to await BOI's response to our Second Supplemental Subpoena served on BOI on July 28, 2010, a copy of which is attached hereto as Exhibit C.  In BOI's responses to date, the bank has not complied with its obligations under New York law.

      As we noted in our letter of December 3, 2010, BOI has not provided a complete response to the other Subpoenas served on the bank.  In its October 18, 2010 response to the Subpoena BOI stated "ASHAPURA MINECHEM LTD has no account with the BOI, New York Branch, but it has a loan account with Bank of India's Mumbai Overseas Branch." This response is incomplete.  Eitzen's Subpoena requests information in the possession of the bank, which is present and doing business in New York by virtue of its offices here.  BOI, in total, is properly subject to Eitzen's requests, thus responses limited to New York or other branch operations are incomplete and improper.

Page 2

As we further noted in our December 3, 2010 letter, Ashapura Minechem Ltd.'s Managing Director, Chetan Shah, has made publicly stated that Ashapura has bank accounts and a significant banking relationship with Bank of India.

BOI's failure to fully and properly answer the Subpoenas is unacceptable and Eitzen demands an immediate, proper, and complete response. Please take note that in addition to providing information regarding property of the Ashapura Minechem Ltd. held by BOI the Subpoena served on the bank on December 3, 2010 requires the following:

> 1: **Pursuant to CPLR 3122-a, the production of the information, documents, and things shall be accompanied by a certification of business records.**
>
> 2: Request No. 7: Information and copies of all communications between BOI and Ashapura from 2008 to present. The recent statements of Ashapura's Managing Director, as well as BOI's responses to date, make clear that there is an ongoing and long term business relationship between Ashapura and BOI.
>
> 3: Request No. 8: Confirmation that BOI has informed Ashapura Minechem Ltd. of the restraint and delivered to it the proper documents as required by New York Law.

If we do not promptly receive proper and complete responses to the Subpoenas which cover BOI globally, we will move to compel responses to the Subpoenas and/or depositions of Officers and/or Directors of Bank of India. Further we will seek costs for all of Eitzen's efforts to collect from BOI to date and moving forward for all motion practice necessary and due to BOI's failure to provide responses when a banking relationship with Ashapura plainly exists and has for some time. Please contact the undersigned if you have any questions.

<div style="margin-left: 40%;">

Very truly yours,
FREEHILL HOGAN & MAHAR LLP


Michael E. Unger

</div>

2

EXHIBIT 10

## WORMSER, KIELY, GALEF & JACOBS LLP

825 THIRD AVENUE

NEW YORK, NY 10022-7519

(212) 687-4900

FACSIMILE (212) 687-5703

WESTCHESTER OFFICE
399 KNOLLWOOD ROAD
WHITE PLAINS, NY 10603
(914) 997-0900
FACSIMILE (914) 997-1039

February 15, 2011

**BY EMAIL AND FIRST CLASS MAIL**
Michael E. Unger, Esq.
Freehill Hogan & Mahar LLP
80 Pine Street
New York, New York 10005

Re:    Eitzen Bulk A/S v. State Bank of India et al.

Dear Mr. Unger:

This firm represents Bank of India, New York Branch (the "New York Branch"). My colleague Appen Menon, Esq. forwarded to me your February 1, 2011 letter regarding the New York Branch's responses to the Subpoenas referred to in your letters.

We first note that your statement in the first paragraph of your letter that the New York Branch has not responded to the Second Supplemental Subpoena is simply incorrect. This firm issued a response on the New York Branch's behalf on December 13, 2010. For your convenience, we have enclosed it again with this letter.

To date, the New York Branch has served your firm with the (i) Response of Bank of India to Subpoena, dated December 17, 2009; (ii) Supplemental Response of Bank of India to Subpoena, dated October 18, 2010; and (iii) Response of Bank of India to Second Supplemental Subpoena, dated December 11, 2010. We note that with the exception of Request No. 8 in the December 2010 subpoena, the requests in the Second Supplemental Subpoena and the December 2010 Subpoena are identical, and the New York Branch has already responded to them. See attached.

In these three responses, the New York Branch has provided more information than is required under New York State law. As indicated in its responses, the New York Branch is not in possession or custody of the judgment debtor's property, nor does it have access to any information regarding any accounts or property held by the judgment debtor. It should be noted that the New York Branch does not have any access to any accounts held in any other branch of the Bank of India, and the same is true for each branch of Bank of India. In response to the subpoenas, the New York Branch conducted a search of the New York Branch's accounts (as that is the only thing it could do), and determined that it did not hold any accounts in the

# WORMSER, KIELY, GALEF & JACOBS LLP

Michael Unger, Esq.
February 15, 2011
Page 2

judgment debtor's name.  Under New York law, the New York Branch is by no means required to request that each branch of the Bank of India conduct a similar search.

However, despite not being required to do so, the New York Branch in fact did inquire of its Mumbai Branch regarding accounts of the judgment debtor, and provided the information it received to you in its Responses.  By doing so, however, the New York Branch did not waive its rights to object to your repeated service of subpoenas and requests for more information, or to refuse to provide any further information requested that are outside its scope of its obligations under New York law.

Furthermore, your statement that Bank of India "in total, is properly subject to Eitzen's requests" is incorrect under the separate entity rule.  There is no requirement that an entity in New York provide information required by the subpoena when that information is located solely outside the New York jurisdiction. Given that any information regarding accounts or property held by any Bank of India branch other than the New York Branch are solely in possession of that branch that is outside any New York court's jurisdiction, you will have to seek that information from the appropriate branches in India under applicable Indian law and procedures.

Lastly, your threat to file a motion to compel the New York Branch to provide more information than it already has, will in fact not yield any further information; as stated above and in the responses, the New York Branch simply has no more information than it has already provided (and it only provided that information as a courtesy).  The branch or branches with knowledge regarding the property and/or accounts of the judgment debtor are outside the New York courts' jurisdiction.  Moreover, based upon the responses that the New York Branch has already provided to you in which it describes the times of relationships that the branches in India have with the judgment debtor or its affiliates, there is a question as to whether any of the Bank of India branches could be considered a "garnishee."

We also note that Bank of India has immunity from suit under the Foreign Sovereign Immunities Act.

The New York Branch reserves all of its rights to assert additional defenses which are not raised in this letter.

Very truly yours,

Jennifer L. Marlborough

cc:     Bank of India, New York Branch
        Appen Menon, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EITZEN BULK A/S,

                                   Petitioner,              Index No.: 09-116985

            - against -
                                                            **RESPONSE TO SECOND**
STATE BANK OF INDIA, BANK OF INDIA, BNP                     **SUPPLEMENTAL**
PARIBAS, and ICICI BANK,                                    **SUBPOENA**

                                   Respondents
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## RESPONSE OF BANK OF INDIA TO
## SECOND SUPPLEMENTAL SUBPOENA

BANK OF INDIA hereby responds to the Second Supplemental Subpoena dated NIL

of plaintiff as follows:

Bank of India objects to the Subpoena and the information sought pursuant to the

Subpoena on the ground that defendant has no account with Bank of India, New York

Branch and it does not automatically have access to the requested information.  Bank of

India also objects to the Subpoena on the grounds of lack of personal jurisdiction and subject

matter jurisdiction.  Without prejudice to its rights to raise the objections as aforesaid and on

additional grounds, Bank of India responds to the Second Supplemental Subpoena as

follows:

## **RESPONSES**

Response to Request No. 1

ASHAPURA MINECHEM LTD has no account with the BANK OF INDIA, New

York Branch, but it has loan account with Bank of India's Mumbai Overseas Branch. In

addition to the aforesaid, the following affiliates (the "Affiliates") of Ashapura Minechem

Ltd has account with Bank of India's Mumbai Overseas Branch: Ashapura International Ltd,

Ashapura Exports Pvt Ltd, Ashapura Claytech Ltd, Ashapura Aluminium Ltd, Ashapura Infin Pvt Ltd, Sharada Consultancy Ltd and Ashapura consultancy Services Ltd.

Responses to Request No. 2 and No. 3

There is no debt or credit owed by Bank of India to the ASHAPURA MINCHEM LTD or the Affiliates. ASHAPURA MINCHEM LTD is in default under syndicated credit facilities granted to ASHAPURA MINECHEM LTD in the aggregate amount of Indian Rupees Eight Hundred and Thirty Two Chores. These syndicated credit facilities were secured by the collateral consisting of mortgages and pledges. Ashapura Claytech Ltd, Ashapura Aluminium Ltd, Ashapura Infin Pvt Ltd, Sharada Consultancy Ltd and Ashapura consultancy Services Ltd maintain current account with Bank of India and each one may have nominal credit balance.

Response to Request No. 4

Ashapura Minechem Ltd. (Consortium account). The company enjoy total working capital limits of Rs. 800 crores. Additionally, it been allowed a Demand loan of Rs.32 crores.

Ashapura International Ltd. (Consortium account). The company enjoy total working capital limit of Rs. 20 crores.

Ashapura Exports Pvt. Ltd. - The company enjoy total working capital limits of Rs. 6 crores.

Response to Request No. 5

The credit facilities are secured by the following collateral:

ASHAPURA MINECHEM LTD

    i)    Hypothecation of current assets of ASHAPURA MINECHEM LTD situated at its factories/plants, various mines, warehouses and ports in India.

- 2 -

ii)    Mortgage of ASHAPURA MINECHEM LTD's property situated at Village Hamla, Dist. Kutch, Gujarat State together with its building and other structure plant and machinery, fixtures and fitting erected or installed thereon and also building/structures, plant & machinery at various mines at Hamla, Sayan, Vandh and Balachood all in District Kutch, Gujarat State. Deposit of Lease Agreement of property situated in Chitra Industrial Area, GIDC, Bhavnagar, Gujarat State.

iii)    Pledge of Term Deposits Receipts for Indian Rupees 81 Lakhs (under consortium finance) & Indian Rupees 56.79 lakhs (under guarantee limits exclusively with Bank of India).   ASHAPURA MINECHEM LTD has defaulted in its repayment obligations to the Bank.

## ASHAPURA INTERNATIONAL LTD

i)    Hypothecation of current assets of the company situated at the company's factories/plants, mines, godowns and ports in India.

ii)    Mortgage of company's property situated at Village Madhapur, Dist.Kutch, State Gujarat together with the company's building and other structure plant and machinery, fixtures and fitting erected or installed thereon.

iii)    Pledge of Term Deposits Receipts for Rs.18 .77 Lakhs (under consortium finance) & Rs.59.27 (under our guarantee facility exclusively with Bank of India).

## ASHAPURA EXPORTS LTD

i)    Hypothecation of current assets of the company situated at the company's factories/plants, mines, godowns and ports in India.

- 3 -

    ii)      Pledge of Term Deposit Receipt of Rs.4.93 lakhs and Deposit Receipt of Rs.2.67 lakhs (under Bank of India's guarantee facility).

<u>Response to Request Nos. 6 and 7</u>

Responding to these requests is onerous and unduly burdensome to Bank of India, New York Branch as it does not maintain any account of ASHAPURA MINECHEM LTD or the Affiliates. In addition, the requested documents cannot be easily obtained to Bank of India, New York Branch.

Dated: New York, New York        WORMSER, KIELY, GALEF & JACOBS LLP
       December 11, 2010         Attorneys for Respondent
                               BANK OF INDIA

                               By: _____
                               Appen Menon
                               825 Third Avenue, 26th Floor
                               New York, New York 10022
                               Phone:   (212) 687-4900
                               Fax:     (212) 687-5703

TO:   FREEHILL HOGAN & MAHAR, LLP
       Attorneys for EITZEN BULK A/S
       80 Pine Street
       New York, New York 10005

EXHIBIT 11

New York State

State Agencies

Search all of NY.gov

Home    Search    Site Map

State of New York Banking Department

About Us

New York Banking History

The Superintendent

The Banking Board

Institutions We Supervise

Reports & Publications

Speeches & Testimony

Inter-agency Agreements & MOUs

Press Releases

In The News

Staff Directory

Employment Opportunities

Contact Us

**Banks & Trust Companies**

Banks, also known as commercial banks, are community, regional or national for-profit business corporations owned by private investors and governed by a board of directors chosen by stockholders. Banks are generally institutions focused on commercial lending to help finance business and other ventures but are also involved in unsecured lending or lending secured by items other than real estate (i.e. credit cards or inventory loans).

A trust company is an entity that is authorized by the Superintendent to exercise fiduciary (trust) powers. A trust may be a stand-alone entity or be part of a bank. These companies provide a number of fiduciary responsibilities. The "trust" name refers to the ability of the institution to act as a trustee – someone who administers financial assets on behalf of another.

In the case of a Limited Purpose Trust Company, the application process generally receives the same level of scrutiny as other bank and trust companies with two exceptions: the minimum level of capitalization and the requirement for FDIC insurance. The basic restriction on limited purpose trusts is the prohibition on receiving deposits and making loans except as incidental to the exercise of fiduciary powers.The Banking Department charters and regulates banks and trust companies under Article III of the Banking Law.

**Budget Planners**

A budget planner is a non-profit corporation that enters into a contract with a debtor under which the debtor agrees to pay a sum of money periodically to the budget planner, which the budget planner distributes among the debtor's creditors. A budget planner also provides credit counseling and financial education. Section 456 of the General Business Law prohibits budget planning by anyone other than a non-profit corporation. Budget planners are licensed by and have their fees approved by the Banking Department under Article XII-C of the Banking Law.

**Charitable Foundations**

Some banks in the U.S. are organized as mutual companies. A mutual company is one that is owned, and sometimes governed, by its members instead of being owned by public or private shareholders. In the case of a mutual savings bank or a mutual savings association, the members are the financial institution's depositors.

When a mutual company converts to a stock form of ownership, they are required to establish a private charitable foundation expected to provide funds to support charitable causes and community development activities. The foundation may be funded by the sponsoring institution with cash, common stock or other property and is established as a separate legal entity, though it may be closely tied to the sponsoring corporation through an interlocking board of directors and staff.Such foundations must apply for tax-exempt status at both the state and federal levels. Contributions by the corporation to the charitable foundation are tax deductible for federal tax purposes over a certain period with deductions generally limited to a certain percent of taxable income in any one year. These charitable foundations are subject to examination by the Banking Department. The Community and Regional Banks Division is responsible for the examination and supervision of these foundations.

**Check Cashers**

A check casher is a person or entity whose primary business is the cashing of checks, drafts or money orders for a fee.

A Check Casher license is not required when a person or entity cashes checks, drafts or money orders for free, or when the person or entity cashes checks, drafts or money orders as an incident to the conduct of another lawful business (e.g. a store) and not more than $1.00 is charged.New York State strictly regulates the check cashing industry, from setting limits on the amount that can be charged for cashing a check to regulating how close together facilities can be located.

Check cashers are licensed by the Superintendent of Banks under Article IX-A of the Banking Law.

**Credit Unions**

A credit union is a non-stock corporation (i.e. a membership corporation) whose members must either have a common employer or be members of the same trade, industry, profession, club, union, society or other association. Credit unions may accept deposits from, make loans to, and issue credit cards to their members,

among other things. The Banking Law also provides for an entity called a corporate credit union, whose members are primarily other credit unions.

Credit unions are regulated under Article XI of the Banking Law. New York state-chartered credit unions are also regulated by the National Credit Union Administration, which also insures credit union share accounts up to certain limits.

## Domestic Representative Offices

A national bank or a bank chartered in another state, wishing to establish a presence in New York state in order to conduct certain business activities may choose to register a Domestic Representative Office with the Superintendent. A representative office can also be an office of a New York chartered institution located outside the state that engages in representational functions.

Domestic Representative Offices may only engage in certain functions on behalf of the institution such as approving loans, executing loan documents, soliciting loans (including assembling credit information, property inspections and appraisals, securing title information, preparing loan applications, solicitation loan servicing) soliciting banking business on behalf of the institution, conducting research and acting as liaison with customers of the institution.

Domestic representative offices are not branches and cannot engage in general banking transactions at their representative offices. They may not disburse funds, transmit funds, accept loan repayments, or accept deposits on behalf of the banking institution.

## Foreign Agencies

A Foreign Agency is an agency of a foreign bank that is licensed by the Superintendent to conduct banking business in New York and has many of the same powers as a foreign bank branch, except in the case of deposits.

A New York agency has many of the same powers as a branch, except in the case of deposits. An agency may issue large-denomination ($250,000 or over) CDs, may accept deposits from foreign residents and citizens and may maintain credit balances for customers incidental to its banking business.

Foreign branches, agencies and representative offices are covered in Article V-B of the Banking Law. Since 1991, they have also been subject to supervision by the Federal Reserve Board. Foreign branches, agencies and

representative offices are covered in Article V-B of the Banking Law.

## Foreign Bank Branches

A Foreign Bank Branch is an office of a foreign bank that is licensed by the Superintendent to conduct banking business in New York. A branch may exercise the same powers as a state-chartered commercial bank, including accepting deposits, making loans, issuing letters of credit, dealing in foreign exchange, making acceptances and, if authorized, exercising fiduciary powers. There are two types of foreign branches – insured and uninsured. An insured branch may conduct a retail banking business in New York, making consumer loans and accepting consumer deposits. An uninsured branch may accept deposits only as authorized by the FDIC Rules, with disclosure of their non-insured status.

Foreign branches, agencies and representative offices are covered in Article V-B of the Banking Law. Since 1991, they have also been subject to supervision by the Federal Reserve Board. Since the FDIC Foreign Bank Supervision Enhancement Act (FBSEA) was passed in 1991, no new insured branches have been allowed.

## Foreign Representative Offices

A foreign bank wishing merely to solicit business in the U.S. may establish a representative office to conduct research on the U.S. market and engage in marketing for the foreign bank. A representative office is not permitted to perform any core banking functions for the foreign bank or make any business decisions that would obligate the foreign bank, but it is permitted to engage in a number of activities not deemed to constitute the business of banking, including acting as liaison with customers and correspondents of the foreign bank, soliciting new business for the foreign bank, soliciting investors to buy loans from the foreign bank, and soliciting loans of $250,000 or more for the foreign bank.

Foreign branches, agencies and representative offices are covered in Article V-B of the Banking Law. Since 1991, they have also been subject to supervision by the Federal Reserve Board. Since the FDIC's Foreign Bank Supervision Enhancement Act (FBSEA) was passed in 1991, no new insured branches have been allowed.

## Holding Companies

For the purposes of Banking Law, a holding company is

a person or entity that owns 10% or more of the voting stock, or otherwise controls, two or more New York banks or trust companies or national banks whose principal offices are located in New York State.

Regulation of bank holding companies under Article III-A of the Banking Law is designed to prevent the undue concentration of bank ownership. Consequently, unlike the Federal Reserve Board, which regulates all holding companies, even if they control only one bank, the Banking Department does not regulate one-bank holding companies (although it must approve a holding company as a "control person" of a bank.

### Investment Companies (Article XII)

An Article XII investment company is a type of banking organization that is not an "investment company" subject to registration under the Investment Company Act of 1940. An Article XII Investment company is a specialized non-depository lending institution that has broad borrowing and lending powers and may invest in stocks and bonds.

An Article XII investment company may not accept "deposits" inside the U.S., although it may accept credit balances in New York that are incidental to the exercise of its other powers and may accept deposits outside New York with the approval of the Banking Board. Some Article XII investment companies specialize in commercial or retail sales finance, while others are involved in domestic and international commercial and merchant banking. A few Article XII investment companies are owned by securities firms, which use them to serve as a holding company for a banking subsidiary located in the European Union. Such holding companies satisfy an EU requirement that banks owned by a non-EU firm have a home country consolidated supervisor. Several foreign banks maintain Article XII investment companies. In addition, several large U.S. financial companies, including American Express, General Electric and Western Union, also have chartered Article XII investment companies.

### Licensed Lenders

A licensed lender is an entity engaged in the business of making loans in the principal amount of $25,000 or less to any individual for personal, family, household, or investment purposes, or $50,000 or less for business and commercial loans, and which charge a rate of interest greater than 16% a year.

Licensed lenders are covered in Article IX of the Banking

Law.

**Money Transmitters**

A Money Transmitter is a business that issues and sells traveler's checks, money orders, and transmits money on behalf of the public by any means including transmissions within this country or abroad by wire, check, draft, facsimile or courier. Generally, a money transmitter markets its services through a network of agents.

Money transmitters are regulated licensed under Article IX of the Banking Law.

**Mortgage Bankers**

A mortgage banker is a person or entity that engages in the business of making five or more mortgage loans in any one calendar year (other than certain exempted entities, including a banking organization and an insurance company).

Mortgage bankers are subject to licensing by the Superintendent of Banks under Article XII-D of the Banking Law.

**Mortgage Brokers**

A mortgage broker is a person who solicits, processes, places or negotiates a mortgage loan, but does not include a real estate broker or salesman, as defined in section 440 of the Real Property Law, if he does not directly or indirectly accept a fee for services rendered in connection with such solicitation, processing, placement or negotiation.

Mortgage brokers are subject to registration by the Superintendent of banks under Article XII-D of the Banking Law.

**Mortgage Bankers & Brokers-Exempt**

Certain entities that engage in mortgage lending or mortgage brokering are exempt from the licensing and registration requirements of the Banking Law. These organizations are subject to the disclosure and other regulations regarding one to four family owner occupied residential mortgages. Additionally, the Superintendent

has the authority to examine these institutions. Bona fide non-profit organizations are eligible for exemption.

### Mortgage Bankers & Brokers - Inactive

Inactive mortgage brokers are brokers that are prohibited from soliciting, processing or negotiating mortgage loans for 1-4 family residential property in New York.

### Mortgage Loan Originators

Mortgage loan originator means an individual who, for compensation or gain or in the expectation of compensation or gain takes a residential mortgage loan application or offers or negotiates terms of a residential mortgage loan. The term does not include any individual engaged solely in loan processor or underwriter activities (as described in the statute), except if the individual is working as an independent contractor of an originating entity, certain individuals who are real estate brokers or an individual engaged in extensions of credit for timeshare plans. They are subject to a criminal background check and must complete certain educational requirements.

MLOs are covered by Article XII-E of the banking Law.

### Mortgage Loan Servicers

A mortgage loan servicer is any person or entity in the business of servicing residential mortgage loans. Servicing includes receiving any scheduled periodic payments from a borrower pursuant to the terms of any mortgage loan, including amounts for escrow accounts, and making payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage loan documents or servicing contract. In the case of a home equity conversion mortgage or reverse mortgage, servicing includes making payments to the borrower.

Exempt Mortgage Loan Servicers are loan servicers that are exempt from registering with the Superintendent but intend to service mortgages in the state. The statute makes such firms subject to New York State conduct of business rules.

**New York State Regulated Corporations**

New York State Regulated Corporations are business entities that are formed and incorporated by the State of New York through legislative acts and placed under the regulatory supervision of the Superintendent.

**Premium Finance Companies**

A premium finance company enters into premium finance agreements with an insured person or acquires premium finance agreements from insurance agents or brokers or other premium finance agencies. A premium finance agreement is an arrangement under which a premium finance agency or an insurance broker or agent advances funds to an insurance company to pay an insurance premium on behalf of the insured and receives repayment by the insured over a period of time.

Under Article XII-B of the Banking Law, the Banking Department licenses insurance finance agencies and regulates the terms of the finance agreement.

**Private Bankers**

A private bank is a bank owned by an individual or a partnership. A private bank may engage generally in the full range of commercial and investment banking activities, except that it cannot take deposits.

**Safe Deposit Companies**

A safe deposit company acts as a custodian for storage of personal property and papers of any kind. It may also engage in the safe deposit business by renting vaults and safe deposit boxes. It cannot lend money or make advances on any property left in its possession. Safe Deposit Companies and the safe deposit business are covered in Articles VIII and VIII-A of the Banking Law.

**Sales Finance Companies**

A sales finance company acquires retail installment contracts or other credit agreements made by other parties. The term includes a retail car dealer who holds retail installment contracts acquired from retail buyers, which have aggregate unpaid time balances of $25,000 or more. The term also includes a person who enters into retail installment credit agreements with retail buyers

under Section 413(11) of the Personal Property Law.

The Banking Department licenses persons to engage as sales finance companies (other than banks, savings banks, savings and loan associations, trust companies, private bankers or investment companies or licensed lenders) under Article XI-B of the Banking Law.

**Savings Banks and Savings & Loan Associations (S&L)**

Savings Banks are also known as thrifts. A savings bank is a financial institution whose primary purpose is accepting savings deposits. It may also perform some other functions. Savings Banks are community, regional or national for-profit business corporations owned by private investors and governed by a board of directors chosen by stockholders. Historically, savings banks were organized as mutual companies.

Thrift is a blanket term that was historically used to describe savings and loan associations, savings banks and savings associations to differentiate them from "commercial banks" Thrifts are traditionally focused on residential lending and promoting home ownership and thus to qualify as a thrift, must issue a certain volume of loans secured by residential real estate, whereas a commercial bank's focus was traditionally on business accounts and commercial lending. Thrifts are regulated under Article VI of the Banking Law.

A Savings & Loan or "S&L" is also a thrift. Historically, savings and loan associations were organized as stock companies and typically were local or regional in nature, focusing on the needs of a community of residential customers. S&Ls are regulated under Article X of the Banking Law and must have a certain percent of assets in residential mortgage and mortgage securities. Though historically there was a difference in the types of products and services that savings banks and commercial banks could offer to the public, many of these products and services are now offered by both, however commercial banks and savings banks (or thrifts) remain under the supervision of different regulatory bodies.

Note: The Banking Department provides external links as a public service. The inclusion of, or linking to other Web site URLs does not imply our endorsement of, nor responsibility for, those Web sites, but has been provided as a convenience to our Web site visitors.

Home | Search | Site Map
About Us | New York Banking History | The Superintendent | The Banking board | Institutions We Supervise
Reports & Publications | Speeches & Testimony | Inter-Agency Agreements & MOUs | Press Releases | In The News
Staff Directory | Employment Opportunities | Contact Us

http://www.banking.state.ny.us/whoweregulate.htm                              3/21/2011

Case 1:09-cv-10118-AKH    Document 58-1    Filed 03/22/11    Page 67 of 75





State of New York Banking Department

*Institutions We Supervise*
*Foreign Branches*
*As of March 1, 2011*



Allied Irish Banks, p.l.c.
1166 Avenue of the Americas
New York, NY 10036

Banca Monte dei Paschi di Siena S.p.A.
55 East 59th Street
New York, NY 10022 1112

Banco Bilbao Vizcaya Argentaria, S.A.
1345 Avenue of the Americas
New York, NY 10105 0302

Banco de La Nacion Argentina
225 Park Avenue
New York, NY 10169 0002

Banco Del Estado de Chile
400 Park Avenue
New York, NY 10022 9464
Mail To : 400 Park Avenue, 22nd Floor
New York, NY 10022 9464

Banco do Brasil, S.A.
535 Madison Avenue
New York, NY 10022

Banco Espanol de Credito, S.A.
730 Fifth Avenue
New York, NY 10019 0001

Banco Espirito Santo de Investimento,S.A
340 Madison Avenue, 12th floor
New York, NY 10173

Banco Espirito Santo, S.A.
320 Park Avenue
New York, NY 10022 6815

Banco Popular de Puerto Rico
120 Broadway
New York, NY 10271

Banco Santander, S.A.
45 East 53rd Street
New York, NY 10022 4604

Bank Hapoalim B.M.
1177 Avenue of the Americas
New York, NY 10036 2790
Mail To : 1177 Avenue of the Americas
12th and 14th Floors

New York, NY 10036 2790

Bank of Baroda
One Park Avenue
New York, NY 10016 5802

Bank of India
277 Park Avenue
New York, NY 10172 0001

Bank of Montreal
3 Times Square
New York, NY 10036 6520

Bank of Tokyo - Mitsubishi UFJ, Ltd.,
The
1251 Avenue of the Americas, 14th Floor
New York, NY 10020 1104

Barclays Bank PLC
745 Seventh Avenue
New York, NY 10019

BNP Paribas
787 7th Avenue
New York, NY 10019 6083

Caixa Geral de Depositos, S.A.
733 Third Avenue,
New York, NY 10017

Chang Hwa Commercial Bank, Ltd.
685 Third Avenue
New York, NY 10017 4024
Mail To : 685 Third Avenue, 29th Floor
New York,, NY 10017 4024

Chiba Bank, Ltd., The
1133 Avenue of the Americas, 15th Floor
New York, NY 10036 6710

China Construction Bank Corporation
1095 Avenue of the Americas
New York, NY 10036

China Merchants Bank Co., Ltd
535 Madison Avenue
New York, NY 10022

Chinatrust Commercial Bank, Ltd.
366 Madison Avenue
New York, NY 10017 7110
Mail To : 366 Madison Avenue, 3rd floor
New York, NY 10017 7110

Commerzbank Aktiengesellschaft
Two World Financial Center
New York, NY 10281 3204
Mail To : 2 World Financial Center, 33rd Floor
New York, NY 10281 3204

Case 1:09-cv-10118-AKH   Document 58-1   Filed 03/22/11   Page 70 of 75

Cooperatieve Centrale Raiffeisen-Boeren
Leenbank B.A., Rabobank Nederland
245 Park Avenue
New York, NY 10167 0062

Credit Agricole Corporate and Investment
 Bank
1301 Avenue of the Americas
New York, NY 10019 6022

Credit Industriel et Commercial
520 Madison Avenue
New York, NY 10022 4213
Mail To : 520 Madison Ave. 37th floor
New York, NY 10022 4213

Credit Suisse AG
11 Madison Avenue
New York, NY 10010 3698

Depfa Bank plc
622 Third Avenue
New York, NY 10017

Deutsche Bank AG
60 Wall Street
New York, NY 10005 2858
Mail To : 60 Wall Street, 46th Floor
Mail Stop NYC60-4601
New York, NY 10005 2858

Dexia Credit Local
445 Park Avenue
New York, NY 10022 2606

DnB NOR Bank ASA
200 Park Avenue
New York, NY 10022 0396
Mail To : 200 Park Avenue (31st Floor)
New York, NY 10166 0396

DZ Bank AG Deutsche
Zentral-Genossenschaftsbank
609 Fifth Avenue
New York, NY 10017 1021

Eurohypo Aktiengesellschaft
1114 Avenue of the Americas
New York, NY 10036 7703

First Commercial Bank, Ltd.
750 Third Avenue
New York, NY 10017
Mail To : 750 Third Avenue, 34th Floor
New York, NY 10017

Fortis Bank S.A./N.V.
787 Seventh Avenue
New York, NY 10019

Gunma Bank, Ltd., The
780 Third Avenue
New York, NY 10017 2024
Mail To : 780 Third Avenue,
6th Floor
New York, NY 10017 2024

Habib Bank Limited
60 East 42nd Street
New York, NY 10165 0006
Mail To : 60 East 42nd Street
New York, NY 10165 0006

HSH Nordbank AG
230 Park Avenue
New York, NY 10169 0005

Industrial and Commercial Bank of China
Limited
725 Fifth Avenue
New York, NY 10022

Industrial Bank of Korea
1250 Broadway
New York, NY 10001 3798
Mail To : 1250 Broadway, 37th Fl.
New York, NY 10001

Intesa Sanpaolo S.p.A.
1 William Street
New York, NY 10004 2595

Itau Unibanco S.A.
767 5th Avenue
New York, NY 10153
Mail To : 767 Fifth Avenue, 50th floor
New York, NY 10153

KBC Bank N.V.
1177 Avenue of the Americas
New York, NY 10036 2714

Kookmin Bank
565 Fifth Avenue
New York, NY 10017 2466
Mail To : 565 Fifth Avenue, 24th floor
New York, NY 10017 2466

Korea Development Bank, The
320 Park Avenue
New York, NY 10022 6815
Mail To : 320 Park Avenue, 32nd Floor
New York, NY 10022 6815

Land Bank of Taiwan Co., Ltd
100 Wall Street
New York, NY 10005

Landesbank Baden - Wurttemberg

Case 1:09-cv-10118-AKH   Document 58-1   Filed 03/22/11   Page 72 of 75

280 Park Avenue
New York, NY 10017 1244
Mail To : 280 Park Avenue,
31st Floor-West Building
New York, NY 10017 1244

Landesbank Hessen - Thuringen
Girozentrale
420 Fifth Avenue
New York, NY 10018 2712

Lloyds TSB Bank plc
1095 Avenue of the Americas
New York, NY 10036
Mail To : 1095 Avenue of the Americas, 34th Floor
New York, NY 10036

Malayan Banking Berhad
400 Park Avenue
New York, NY 10022 4406
Mail To : 400 Park Ave, 9th floor
New York, NY 10022 4406

Mashreq Bank psc
50 Broadway
New York, NY 10004 6516
Mail To : 50 Broadway
Suite 1500
New York, NY 10004

Mega International Commercial Bank Co.,
Ltd.
59-65 Liberty Street
New York, NY 10005 1018
Mail To : 65 Liberty Street
New York,, NY 10005 1018

Mitsubishi UFJ Trust and Banking
Corporation
520 Madison Avenue
New York, NY 10022
Mail To : 520 Madison Avenue, 25th Floor
New York, NY 10022

Mizuho Corporate Bank, Ltd.
1251 Avenue of the Americas
New York, NY 10020 1183

National Bank of Canada
65 East 55th Street
New York, NY 10022 3219
Mail To : 65 East 55th Street, 31st Floor,
New York, NY 10022 3219

National Bank of Egypt
40 East 52nd Street
New York, NY 10022 5911
Mail To : 40 East 52nd Street, 22nd Floor
New York, NY 10022

National Bank of Pakistan
100 Wall Street, 21st Floor
New York, NY 10005 3701

Natixis
1251 Avenue of the Americas
New York, NY 10020 0070
Mail To : 9 West 57th Street, 36th Fl.
New York, NY 10019

Norddeutsche Landesbank Girozentrale
1114 Avenue of the Americas, 37th Floor
New York, NY 10036 7703

Nordea Bank Finland Plc
437 Madison Avenue
New York, NY 10022 7001

Nordea Bank Norge ASA
437 Madison Avenue
New York, NY 10022 7001

Norinchukin Bank, The
245 Park Avenue
New York, NY 10167 0104
Mail To : 245 Park Avenue, 21st Floor
New York,, NY 10167 0104

Philippine National Bank
30 Broad Street
New York, NY 10004
Mail To : 30 Broad Street, 36th Floor
New York, NY 10004

Shinhan Bank
600 Third Avenue
New York, NY 10016
Mail To : 600 Third Ave. 17th Floor
New York, NY 10016

Shizuoka Bank, Ltd., The
600 Lexington Avenue, 4th floor
New York, NY 10022

Skandinaviska Enskilda Banken
245 Park Avenue
New York, NY 10167 0061

Societe Generale
1221 Avenue of the Americas
New York, NY 10020 1092

Standard Chartered Bank
One Madison Avenue
New York, NY 10010 3666

State Bank of India
460 Park Avenue
New York, NY 10022 1972
Mail To : 460 Park Avenue, Second Floor

New York, NY 10022 1972

Sumitomo Mitsui Banking Corporation
277 Park Avenue
New York, NY 10172 0601
Mail To : 277 Park Ave., 6th Flr
New York, NY 10172 0601

Sumitomo Trust and Banking Company
Limited, The
527 Madison Avenue, 3rd Floor
New York,, NY 10022 4396

Svenska Handelsbanken AB
875 Third Avenue
New York, NY 10022 6225

Swedbank AB
One Penn Plaza
New York, NY 10119 0002
Mail To : One Penn Plaza, 15th Flr.
New York, NY 10119 0002

T.C. Ziraat Bankasi
122 East 42 Street
New York, NY 10168
Mail To : 122 E. 42nd Street, Suite 310
New York, NY 10168

The Royal Bank of Scotland N.V.
101 Park Avenue,
6th Floor
New York, NY 10178

The Royal Bank of Scotland plc
101 Park Avenue, 10th & 11th Floor
New York, NY 10178 1199
Mail To : 101 Park Avenue
10th Floor
New York, NY 10178 1199

The Shoko Chukin Bank, Ltd.
666 Fifth Avenue
New York, NY 10103 0905
Mail To : 666 Fifth Ave., 14th Floor
New York,, NY 10103 0905

Toronto-Dominion Bank, The
31 West 52nd Street
New York, NY 10019 6101

Turkiye Vakiflar Bankasi T.A.O.
680 Fifth Avenue
New York, NY 10019 5429
Mail To : 680 Fifth Avenue, 23rd Floor
New York, NY 10019 5429

UniCredit Bank AG
150 East 42nd Street
New York, NY 10017 5612

UniCredit S.p.A.
150 East 42nd Street
29th and 32nd Floors
New York, NY 10017 5632

United Bank Limited
80 Broad Street
New York, NY 10004 2209
Mail To : 80 Broad St., 24th Floor
New York, NY 10004 2209

WestLB AG
7 World Trade Center
New York, NY 10007

---

*| Home | Search | Site Map |*
*| Institutions We Supervise |*

---